Day, J.
 

 The sole question presented by the demurrer is whether Section 10509-133, G-eneral Code, fixing the period of limitation for the commencement
 
 *97
 
 of actions on claims disallowed by an executor or administrator, applies to unliquidated claims for damages arising out of tort.
 

 The appellee contends that since the action was not commenced within two months after February 27, 1937, the date upon which the claim was rejected, it is barred by the provisions of Section 10509-133, General Code.
 

 The appellant contends, however, that since his claim arises out of tort, it is a contingent claim; that under the provisions of Section 10509-112, General Code, a contingent claim is not required to be presented to the executor; that his presentation of it and its rejection were, therefore, of no legal effect and that Section 10509-133, General Code, does not apply.
 

 Section 10509-112, General Code, reads: “Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims,
 
 except contingent claims,
 
 within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against
 
 bona fide
 
 purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against
 
 bona fide
 
 distributees.” (Italics ours.)
 

 Section 10509-133, General Code, reads: “When a claim against the estate of a deceased person has been presented to the executor or administrator, and has been rejected by him in whole or in part, but not referred to referees, or if a claim has been allowed by the executor or administrator in whole or in part and thereafter rejected or further reduced by the court, the claimant or person deriving title from him, must
 
 *98
 
 commence an action thereon within two months after receipt of actual notice of such rejection or reduction, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon; except that, in the event of the death, resignation or removal of such executor or administrator, within such two months’ period and before action is commenced thereon, the action may be commenced within two months after the appointment of a successor; and provided that no claimant shall be permitted to bring an independent action on his claim after it has been heard and decided on the merits on exceptions to the schedule of debts filed by him.
 

 “For the purposes of this section the action of a claimant shall be deemed to have been commenced when the petition and praecipe for service of summons on the executor or administrator have been duly filed.”
 

 To decide the issue raised in this case it is essential to determine the meaning of the phrase “contingent claims” as used in the exception contained in Section 10509-112, General Code, and whether appellant’s claim falls under that classification.
 

 Since the phrase is nowhere defined in the Probate Code, it is fair and reasonable to presume that the Legislature used it and intended it to be construed in its ordinary and accepted meaning. Authorities agree that a contingent claim is one, the liability upon which is dependent upon some uncertain future event which may or may not occur. It is this element of dependency upon an uncertainty which renders a claim contingent.
 

 In 21 American Jurisprudence, 582, Section 356, it is stated: “According to the ordinary acceptance of the term, a contingent claim is one where the liability depends upon some future event which may or may not happen; and which, therefore, makes it wholly un
 
 *99
 
 certain whether there ever will be a liability.” See also 11 Ruling Case Law, 205, Section 229.
 

 A liability on an unliquidated claim for damages arising out of a-tort does not depend for its creation upon the occurrence of some uncertain event in the future. On the contrary, such claim is, as of necessity it must be, based on the theory that the event, the tort, giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence. A claim thus grounded cannot be said to be contingent.
 

 The next question naturally arising is whether appellant is a “creditor” within the meaning of Section 10509-112, General Code, which provides that
 
 “creditors
 
 shall present their claims, whether due or not due, to the executor or administrator' within four months after the, date of his appointment.” (Italics ours.)
 

 In
 
 Favorite
 
 v.
 
 Booher’s Admr., 17
 
 Ohio St., 518, the court had before it the interpretation' of the word “creditor” as used in a statute limiting the time for bringing action against an executor or administrator. That statute read:
 

 “No executor or administrator, after having given notice of his appointment, as provided in the eighty-first section of 'this act, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond as aforesaid, excepting * * *.” (38 Ohio Laws, 161.)
 

 The court said that the term “creditor” was used in the statute “in a generic sense, and includes all persons having rights in action against the decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made. of the residuum among those entitled, freed from charges and incumbrances. ”
 

 
 *100
 
 This definition has not been changed by the statutes under consideration in the case at bar. The term “creditor,” as used in Section 10509-112, General Code, must, therefore, be construed to mean ‘ ‘ all persons having rights in action against the decedent” and to include all those having unliquidated claims for damages arising out of tort committed by decedent during his lifetime.
 

 Under the provisions of Section 10509-133, General Code, action on a claim is barred if not instituted within two months from the date of receipt of actual notice from the executor or administrator of its dis-allowance.
 

 We conclude, therefore, that an unliquidated claim for damages arising out of tort does not fall within the exception contained in Section 10509-112, General Code, pertaining to contingent claims; and suit thereon must be instituted within two months from the date of receipt of actual notice of disallowance of such claim by the executor or administrator, ór be forever barred under the provisions of Section 10509-133, General Code.
 

 Since the instant case was not instituted within the time fixed by that statute, it is barred, and the demurrer was properly sustained.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.