BREEN, ADMX., APPELLANT, *v.* CONN ET AL., EXRXS., APPELLEES.

(Decided April 16, 1940.)

*Mr. J. Earl Cox* and *Mr. Ernest W. Teodosio,* for appellant.

*Messrs. Smoyer, Kennedy, Smoyer & Vogel,* for appellees.

WASHBURN, P. J.   This cause was tried upon an amended petition, wherein appellant, Ethel R. Breen, administratrix of the estate of Daniel L. Breen, deceased, sought to recover damages for the wrongful death of the decedent, the action being against appellees, Olive and Sadie Conn, executrices of the estate of Arthur Conn, deceased.

The action was brought for the benefit of Ethel R. Breen, widow, and Clara Marie Breen; minor daughter, of Daniel L. Breen, deceased.

One of the defenses plead in the answer was that the claim sued upon was not filed with appellees, as required by law.

At the conclusion of the evidence on behalf of appellant, the trial court directed a verdict for the appellees, and later overruled a motion for a new trial and rendered judgment for the appellees.

At the trial it was conceded that no claim for such unliquidated damages was presented to the executrices of the Conn estate, as is required by Section 10509-112, General Code, as construed by the Supreme Court in *Pierce* v. *Johnson, Exr.,* 136 Ohio St., 95, 23 N. E. (2d), 993, and that so far as it relates to Ethel Breen, widow, one of the persons for whose benefit the action was brought, the action cannot be maintained because no such claim was presented.

It is insisted, however, that the action can be maintained so far as it relates to the minor daughter, for whose benefit the action was also brought.

The basis for such claim is that the rights of such infant are saved by Section 11229, General Code.

The courts having held that claims such as the one here involved must be presented in accordance with the requirements of Section 10509-112, General Code (*Pierce* v. *Johnson, Exr., supra*), and that claims which must be presented and are not so presented cannot be the subject of an action (*Beach, Recr.,* v. *Mizner, Exr.,* 131 Ohio St., 481, 3 N. E. (2d), 417), and, there being no savings provision for infants in Section 10509-112, General Code, in the Probate Procedure Act, or in any other statute which has been called to our attention, except Section 11229, General Code, it is important to determine whether the last-named statute applies to the situation here presented so as to allow an action for wrongful death to be brought by an administratrix of one estate for the benefit of a minor, against the administrator of another estate, where no claim has been filed in accordance with the requirements of Section 10509-112, General Code.

Section 11229, General Code, by its terms applies to "any action mentioned in this chapter," which is Chapter 2 of Title IV. That chapter provides when lapse of time shall be a bar to the bringing of a civil action. That is not what is plead as a defense in this case. The defense plead in this case is that a certain thing which was necessary to be done *before* there could be a cause of action, was not done; and Section 11229, General Code, has no application to such a situation.

In this case that certain thing was required to be done by an administratrix and not by a minor, who was one of the persons for whose benefit the suit was brought, and such minority in no wise excused the failure to do the required thing.

But if the action could be considered as one brought by a minor, the result would be the same.

Section 10509-112, General Code, is what is known

as a nonclaim statute (*Beach* v. *Mizner, supra*)—that is, one which required an act to be done as a prerequisite to the accrual of a cause of action; and the general rule as to such statutes is that all persons, whether under disability or not, are bound thereby unless excepted from their operation by a saving clause. Such rule was announced in *Favorite* v. *Booher's Admr.*, 17 Ohio St., 548, and at that time Section 11229, General Code, was in force (2 S. & C., 949, Section 19).

We therefore conclude that the provisions of Section 10509-112, General Code, requiring the filing of a claim against an administrator as a condition precedent to the bringing of an action against him on the claim, apply to a suit brought by a minor on such a claim, and that the disability of infancy will not save him from the operation of the statute; and that a petition by or for the benefit of a minor on such a claim which does not allege that the claim has been so presented, does not state facts sufficient to constitute a cause of action.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.