## LINDSAY v. COLLINS.
### Civ. A. No. 3297.

United States District Court
D. Wyoming.
March 30, 1951.

Harry B. Henderson and E. Keith Thomson (of Henderson & Thomson) of Cheyenne, Wyo., for plaintiff.

Bard Ferrall (of Greenwood, Lee & Ferrall), of Cheyenne, Wyo., for defendant.

T. BLAKE KENNEDY, District Judge.

This is an action for damages alleged to have been sustained through negligence of the defendant, W. D. Collins, in a collision which occurred on a public highway of Wyoming on April 8, 1950, in which the recovery sought is in excess of the sum of $13,000. It was originally brought in this court upon the ground that the plaintiff was a citizen and resident of the state of Illinois and the defendant a citizen and resident of the state of Wyoming. The suit was commenced on July 11, 1950, and a summons duly issued upon which the United States Marshal made a return that the defendant was not found in the District of Wyoming but was at a hospital in Enid, Oklahoma. On August 2, 1950, an alias summons was issued which carried the return of the marshal that the defendant was found to be deceased. Thereafter, and on September 8, 1950, the attorneys for plaintiff filed a statement of the death of the defendant and requested a substitution of the administrator of his estate, Orvin J. Collins, whose residence was Laramie, Wyoming. On the same day an order of substitution was granted and on September 9, 1950, upon the praecipe of the plaintiff, another summons was issued with the substituted administrator of the estate of the deceased original defendant named as the party therein. It appears, however, that this summons was not served, but that on October 2, 1950, the above named firm of attorneys filed an appearance on behalf of the defendant, together with an answer and cross-claim, which is briefly described, as follows: (1) That the complaint fails to state a claim against defendant upon which relief can be granted; (2) Admits the residence of the parties and denies substantially the affirmative allegations of the complaint; (3) Alleges contributory negligence on the part of the plaintiff; and (4) Sets forth a counterclaim based upon the alleged negligence of the plaintiff and seeking damages in a sum exceeding $5,800. To this counterclaim a reply was filed on October 21, 1950, by the plaintiff, denying substantially the allegations of the cross-claim.

The point here in controversy comes before the Court upon a pretrial conference in which the matter of the legal defense that the complaint fails to state a claim against defendant upon which relief can be granted was considered. The specific point raised is that the complaint does not allege that the claim upon which plaintiff sues was presented to the administrator of the estate of the deceased and that as a matter of fact no claim was presented to said administrator defendant within the time fixed by the statute for filing such claims and that as the time for filing the claim against said estate had elapsed the complaint not only failed to state a claim against the defendant, but on account of such elapsed time, the complaint could not be amended to bring plaintiff within the scope of the claim filing statute.

The matter of filing claims against an estate under the Wyoming statute seems to be contained in Wyoming Compiled Statutes, 1945. Section 6-1603 reads as follows: "Time for filing or exhibiting claims.—All claims whether the same be due, not due, or contingent, must be filed

or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever; provided, however, that when it it made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be filed and exhibited at any time before a decree of distribution is entered."

Section 6–1608: "Claims barred by statute of limitations cannot be allowed.—No claim shall be allowed by the executor or administrator which is debarred by the statute of limitations. When a claim is presented to a judge or a commissioner for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim."

Section 6–1609: "Claims must be presented before suit—Exception.—No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against the property of the estate is expressly waived in the complaint."

Section 6–1611: "Allowance of claims in actions pending at time of death.—If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

Originally, as found in the Wyoming Compiled Statutes of 1920, Section 6889, the section read: "All claims arising upon contracts". Some time subsequent to the 1920 compilation or at the time the Wyoming statutes were adopted by the legislature as the revision of 1931 the term "arising upon contracts" was eliminated and the statute at that time appeared in the Wyoming Statutes, 1931, as Section 88–3103, as it now appears as above quoted in the Compiled Statutes of 1945, Section 6–1603. It will be noted that the statute as amended and in existence at the present time provides on its face that all claims must be filed or exhibited or become barred unless under circumstances not pertinent here. The term "all claims" is comprehensive and indicates upon its face that it includes claims of every character whether the same be due, not due, or contingent. The only exception seems to be set forth in Section 6–1609, which applies to the holder of a mortgage lien against the property of the estate subject thereto, and then only when all recourse against the property of the estate is expressly waived in the complaint. In Section 6–1611 it is provided that if an action is pending against the decedent at the time of his death the plaintiff must in like manner present his claim to the executor or administrator and no recovery shall be had unless proof be made of the presentation required.

Notwithstanding this seemingly plain provision of the statute counsel for plaintiff make the contention that this being a tort action the statute does not apply to it and it should be construed as being in harmony with the statute before it was amended. The principal contention of counsel for plaintiff seems to be that because of the fact the defendant administrator, through his counsel, had appeared and made a general answer to the allegations of the complaint, consisting of substantially a general denial and the allegation of contributory negligence with a cross-claim against the defendant, that he thereby waived the absence of an allegation in the complaint that the claim had been presented to the administrator. It may be admitted that this is the holding in some of the cases cited from state courts which have ruled accordingly. However meritorious this suggestion might be under other circumstances, the distinction here, I think, is that the case at bar originated in the federal court, which so far as pleading and practice is concerned is governed by the Federal Rules of Civil Procedure,

28 U.S.C.A., and is thereby controlled by Rule 12, subdivision (b), which reads as follows: "(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

It will here be noted that certain defenses may, AT THE OPTION OF THE PLEADER, be presented by motion, and in Rule 12(b) (6) appears: "failure to state a claim upon which relief can be granted". It is accordingly apparent that under this rule of procedure the pleader, the defendant in this case, may set forth his legal defense in the answer or present it by motion, and here he has elected to set it forth in the answer, and the remainder of subdivision (b) indicates the method in which the so-called legal defenses may be disposed of by the Court. Whatever may be the rule in the state courts concerning the alleged waiver by not attacking the complaint by demurrer or other motion before answering on the merits can be of no avail to the plaintiff here, for the reason that the defendant has the right to assert his legal defense in the answer proper and have it disposed of either in advance of or upon the trial.

Counsel for plaintiff further contend that the presentation of such a claim would be a vain and useless act and that as to a claim sounding in tort the statute would be unconstitutional, unjust and improper. With this argument I can not agree, not only because the statute specifically provides that such claims shall be presented, but it may be considered also as a practical and wise method of administering an estate. Claims of this character on behalf of the administrator or executor of a decedent plaintiff are frequently presented to the probate court for an order granting them leave to settle a controversy sounding in tort and many cases of this character are disposed of through such a method. I see no practical reason why such a claim against the representative of a decedent defendant might not be likewise settled through the order of a probate court. At least such a presentation gives an opportunity for the counsel of plaintiff and counsel of an administrator of a decedent plaintiff or a decedent defendant to negotiate and settle a claim without suit. Another contention is that the action was commenced during the lifetime of the decedent defendant but the record shows that the process and the complaint were never served upon him during his lifetime and only called to the attention of the attorneys for the administrator some time after his death. The letter which plaintiff's counsel wrote to the defendant counsel concerning the claim and exhibited to the Court upon the pretrial conference simply states that an action had been commenced in the federal court involving plaintiff's claim and notifying said counsel of the substitution of the administrator for the original defendant. Even were such a letter entitled to the force of giving a practical notice of the pending suit so as to avoid the provision of the statute as to

presentation, there is nothing in this correspondence which does more than outline the nature of the litigation as arising out of a collision on the highway with absolutely no statement of the detailed nature of the claim or its amount in dollars and cents. Under these circumstances the administrator or his counsel would have no opportunity to consider or negotiate a settlement of the claim in the form stated in the correspondence.

Cases in other jurisdictions are cited to sustain this ruling. In Williams v. Williams, 217 Ind. 581, 29 N.E.2d 557, it is held that the phrase "any claim" is broad enough to include claims ex contractu and ex delicto. In Pierce v. Johnson, 136 Ohio St. 95, 23 N.E.2d 993, 125 A.L.R. 867, the court held that a person having an unliquidated claim for damages arising out of a tort is a creditor within the meaning of the statutes requiring creditors to present their claims, whether due or not due, to an executor or administrator within the time fixed by statute. In Lee v. Gram, 105 Or. 49, 196 P. 373, 209 P. 474, 27 A.L.R. 1001, the court held that under the Oregon statute providing that an action shall not be commenced against executors or administrators until plaintiff's claim has been presented and disallowed applies although plaintiff asserts equities against decedent's estate.

It is perhaps unfortunate that the Supreme Court of Wyoming has not directly passed upon this statute since its amendment in the form in which it now appears, but this is perhaps accounted for in part by reason of the fact that in cases which have come before that high court previously such claims grounded in tort had been presented to the administrator or executor of the estate, as for example in Stephens v. Short, 41 Wyo. 324, at page 329, 285 P. 797, we find the following language: "Plaintiff's cause of action was grounded upon alleged negligence on the part of McFarlane as sheriff and one Ed Goodfellow, his undersheriff,

in asserted violation of this condition of the bond, whereby plaintiff suffered severe injuries to his damage in an alleged amount more than double its penalty. A claim for damages in this sum was presented to the administrator and by him rejected, and these facts were duly pleaded in plaintiff's petition." The Wyoming court has also stated in State ex rel. Peterson v. Ellsworth, 59 Wyo. 288, 139 P.2d 744, in regard to the construction of the statute to the effect that where the law is plain and unambiguous exceptions not made by the legislature cannot be read into it. That would seem certainly to apply in the case at bar, where the statute specifically states "all claims, whether the same be due or not due, or contingent", must be filed and exhibited with the representative of the estate. Upon a claim not so filed under Section 6-1611 no recovery can be had in an action unless proof can be made of the presentation required.

As to the matter of the amendment of the statute here in question, which eliminated the clause "arising upon contracts", it must be assumed that the legislature had in mind the matter of making a change of this character and our Wyoming Supreme Court in State v. Yellowstone Park Co., 57 Wyo. 502, 121 P.2d 170, laid down the rule as expressed in the syllabus, that a presumption exists that a legislature in adopting an amendment to a statute intended to make some change in existing law and therefore courts will endeavor to give some effect to the amendment.

For the reasons stated, the decision of the Court must be that the defense of the defendant that the complaint fails to state a claim against defendant upon which relief can be granted will be sustained, and an order may be entered accordingly, with a judgment in favor of the defendant and against the plaintiff, dismissing the plaintiff's cause of action, with prejudice, at plaintiff's cost. Counsel for defendant will present a proper order and judgment on or before April 3, 1951.