**SHEARER et al., Appellants,**

v.

**ECHELBERGER, Exr., et al., Appellees.**

[Cite as *Shearer v. Echelberger* (2001), 145 Ohio App.3d 106.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 01COA01394.

Decided Aug. 9, 2001.

*James E. Rook,* for appellants.

*Russell L. Harpster* and *Timothy E. Potts,* for appellees.

WILLIAM B. HOFFMAN, Presiding Judge.

Plaintiffs-appellants, Judd Shearer and Laura Shearer, appeal the December 13, 2000 judgment entry of the Ashland County Court of Common Pleas, which granted the motion for summary judgment of defendants-appellees, Elizabeth Echelberger et al., and dismissed appellants' action.

## STATEMENT OF THE FACTS AND CASE

On June 15, 1999, appellants filed a complaint in the Ashland County Court of Common Pleas, naming appellee Elizabeth Echelberger, as an individual and as executor of the estate of Glenn W. Smetzer, Sr., and appellee Darrell Echelberger, as well as First American Title Insurance Company and Midland Title Security, Inc.[1] as defendants. Appellants alleged appellees had (1) committed fraud when describing a piece of property held by the estate of Glenn W. Smetzer, Sr., (2) breached a contract to convey 39.2578 acres free and clear of all liens and encumbrances, and (3) negligently misrepresented the actual acreage and boundaries of the property.

On July 6, 1999, appellees filed a motion to dismiss, asserting appellants' complaint should be dismissed for failure to state a claim upon which relief may be granted and was barred by the applicable statute of limitations. Appellees further maintained dismissal was appropriate pursuant to Civ.R. 21 on the grounds appellees had been improperly joined as parties to the action. Appellees attached a copy of a proof of contingent claim and the executor's rejection/denial of that claim, both of which had been filed in the Probate Court of Ashland County. The trial court granted appellees' motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court considered the copies of the documents attached to appellees' motion, finding such documents were matters of record in probate court. The trial court determined appellants had failed to commence the action within the applicable statute of limitations. Appellants appealed the ruling. This court found the trial court erred in granting appellees' motion to dismiss because the trial court, although considering documents outside the pleadings, did not convert said motion into a motion for summary judgment.[2]

---

1. Appellants' claims against First American Title Insurance Company and Midland Title Security, Inc. have been resolved; therefore, we shall not discuss the proceedings or facts relative to those parties.

2. *Shearer v. Echelberger* (Oct. 30, 2000), Ashland App. No. 00–COA–01368, unreported, 2000 WL 1663626.

On remand, appellees filed a motion for summary judgment and a memorandum in support thereof. Appellees again asserted that appellants' complaint was barred by the statute of limitations. Appellants filed a memorandum contra. The trial court granted appellees' motion "for the reasons stated by this court in its Decision and Judgment Entry dated August 11, 1999, which is incorporated herein by reference." [3]

It is from the December 13, 2000 judgment entry that appellants appeal, raising the following assignment of error:

"The trial court abused its discretion when it ruled that the statute of limitations set forth in R.C. section 2117.37 or 2117.41 applies to claims that were not contingent, not in existence at the time of the decedent's death, and not claims against an estate."

Any other facts relevant to our discussion of appellants' assignment of error shall be contained therein.

## STANDARD OF REVIEW

Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as did the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 215. Civ.R. 56(C) states:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*** A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the

---

3. December 13, 2000 judgment entry.

nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170–1171, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

R.C. 2117.37 provides:

"If a claim is contingent at the time of a decedent's death and a cause of action subsequently accrues on the claim, it shall be presented to the executor or administrator, in the same manner as other claims, before the expiration of one year after the date of death of the decedent, or before the expiration of two months after the cause of action accrues, whichever is later, except as provided in section 2117.39 of the Revised Code. The executor or administrator shall allow or reject the claim in the same manner as other claims are allowed or rejected. If the claim is allowed, the executor or administrator shall proceed to pay it. If the claim is rejected, the claimant shall commence an action on the claim within two months after the rejection or be forever barred from maintaining an action on the claim."

Appellants filed a proof of contingent claim against Smetzer's estate in the Ashland County Probate Court on May 9, 1998. Appellee Elizabeth Echelberger, as executor, rejected the claim on May 28, 1998. Appellees maintain, pursuant to R.C. 2117.37, appellants are statutorily barred from asserting the claim herein because they failed to bring said claim within two months of May 28, 1998. Appellees alternatively argue appellants are barred by the application of R.C. 2117.39 and 2117.41.

R.C. 2117.39 reads:

"If at the time a cause of action accrues on a contingent claim against a decedent's estate, or if within two months thereafter an account of final distribution has been filed, no claim need be presented to the executor or administrator and the claimant may proceed by civil action against the distributees of the decedent's estate as provided in sections 2117.41 and 2117.42 of the Revised Code."

R.C. 2117.41 provides that "[a] claimant whose cause of action accrues as provided in section 2117.37 of the Revised Code may bring suit to recover thereon against the heirs, next of kin, surviving spouse as next of kin, devisees, and legatees under the decedent's will." The statute further states such action shall not "be maintained unless commenced within six months next after the time when the cause of action first accrues."

■ A contingent claim is one in which the liability thereon is "dependent upon some uncertain future event which may or may not occur."[4] It is the element of uncertainty that renders a claim contingent.[5]

■ Appellants assert that R.C. 2117.37, 2117.39, and 2117.41 do not apply to the instant matter because the claims asserted in their complaint are not contingent claims against Smetzer's estate and did not exist at the time of his death. Appellants' complaint is devoid of any allegations of fraud prior to the death of Smetzer on January 23, 1997. Appellants' claims arose from a real estate purchase agreement between appellants and appellees executed on July 1, 1997. The closing on the property was conducted on or about August 29, 1997, and the deed was recorded on September 2, 1997. The underlying fraud claim did not exist at the time of Smetzer's death. Accordingly, we find the trial court erred in granting summary judgment in favor of appellees, individually. We note although appellants improperly filed a proof of contingent claim in probate court, that filing does not change the underlying nature of the instant claim against appellees. That filing does serve to convert a noncontingent claim into a contingent one. Accordingly, the executor's rejection of the proof of contingent claim has no *res judicata* impact herein.

We need not review the propriety of the trial court's ruling relative to appellants' claims against the estate. At oral argument in this matter, appellants conceded that the trial court's dismissal of the claim against the estate was proper.

Appellants' sole assignment of error is sustained in part and overruled in part.

The judgment of the Ashland County Court of Common Pleas is affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings consistent with law and this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FARMER and BOGGINS, JJ., concur.

---

4. *Pierce v. Johnson* (1939), 136 Ohio St. 95, 98, 16 O.O. 34, 36, 23 N.E.2d 993, 995.

5. *Id.*