[Cite as *Harshbarger v. Moody*, 2010-Ohio-103.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY


MARK HARSHBARGER, ADMINISTRATOR
OF THE ESTATE OF PAIGE HARSHBARGER,

    PLAINTIFF-APPELLANT,           CASE NO. 8-09-13

    v.

STEVEN R. MOODY, ADMINISTRATOR
OF THE ESTATE OF SCOTT MOODY,      O P I N I O N

    DEFENDANT-APPELLEE.


Appeal from Logan County Common Pleas Court
Trial Court No. CV 08 10 0553

Judgment Affirmed

Date of Decision:   January 19, 2010


APPEARANCES:

    *David F. Rudwall*  for Appellant

    *Richard A. Cline*  for Appellee

Case No. 8-09-13

**PRESTON, J.**

{¶1} Plaintiff-appellant, Mark Harshbarger (hereinafter "Harshbarger"), administrator for the estate of Paige Harshbarger (hereinafter "decedent Harshbarger"), appeals the judgment entry of the Logan County Court of Common Pleas granting defendant-appellee's, Steven R. Moody (hereinafter "Moody"), administrator for the estate of Scott Moody (hereinafter "decedent Moody"), motion for summary judgment. For the reasons that follow, we affirm.

{¶2} This appeal stems from the events that took place on May 29, 2005, when a multiple homicide occurred in Logan County, Ohio, in which six people were killed. Harshbarger's daughter, Paige Harshbarger, and Moody's son, Scott Moody, were among the dead.

{¶3} Harshbarger filed a claim against the estate of Scott Moody on April 28, 2006 by sending notice to Moody's counsel in the form of a letter. Subsequently, on October 20, 2008, Harshbarger filed a complaint in the Logan County Court of Common Pleas for wrongful death.[1] The complaint alleged that "[o]n or about May 29, 2005, Defendant's decedent Scott Moody engaged in a course of negligent, reckless, intentional and/or otherwise wrongful acts and omissions, as a result of which Plaintiff's decedent Paige Harshbarger sustained

---

[1] The wrongful death action had been initiated in the trial court earlier on May 30, 2006 under case number CV06-05-0240, but was dismissed on July 30, 2008.

2

personal injury, pain, suffering, property damage and loss of enjoyment of life before her death." (Compl., Doc. No. 1). Moody filed an answer on October 29, 2008, and later filed a motion for summary judgment on April 17, 2009, specifically alleging that Harbarger's claim was barred by R.C. 2117.06(B), which requires claims to be presented to the estate within six months of the date of the decedent's death. On July 30, 2009, the trial court granted Moody's motion for summary judgment. In granting Moody's motion for summary judgment, the trial court stated:

> **Relying upon Dibert v. Watson, supra, this Court finds that this is not a contingent claim, that the discovery rule does not toll the time to present a claim against the estate and that Plaintiff was creditor of the Defendant. As the Dibert court explained "a contingent claim is one in which the liability thereon is 'dependent upon some uncertain future event which may or may not occur.'" Citations omitted. Plaintiff's complaint alleges Defendant's decedent murdered the Plaintiff's decedent and the liability arose then. There is no further uncertain future event that may or may not occur to trigger the liability on the claim. Therefore, as the Court in Dibert concluded, this claim is not contingent for purposes of R.C. 2117.37. The Court of Appeals also in Dibert ruled that the discovery rule may not be used to evade R.C. 2117.06's six month statute of limitations. The Court of Appeals in Dibert likewise defined creditor as used in R.C. 2117.06 as all persons having rights in actions against the decedent. Accordingly, the Court finds that the Plaintiff's claim was not filed timely against the Defendant estate and that the motion for summary judgment is well taken.**

(July 30, 2009 JE at 3).

**{¶4}** Harshbarger now appeals and raises one assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT PURSUANT TO THE LIMITATION PERIOD STATED IN R.C. 2117.06.**

**{¶5}** In his only assignment of error, Harshbarger argues that the trial court erred in granting Moody's motion for summary judgment on the basis that Harshbarger failed to timely file notice against decedent Moody's estate. Specifically, Harshbarger argues that his claim did not fall under the R.C. 2117.06's six-month presentment deadline because his claim was a contingent claim under R.C. 2117.37, which is an exception to the time period in R.C. 2117.06. Moreover, Harshbarger claims that he could not be considered a "creditor" under the language of R.C. 2117.06 because his wrongful death action had yet to accrue. Finally, Harshbarger argues that even if R.C. 2117.06 applies to his case, then the discovery rule should have tolled the six-month time period.

**{¶6}** In response, Moody claims that, despite Harshbarger's position and his efforts to try to argue the merits of the wrongful death action, the trial court did not err because it is clear that Harshbarger failed to give timely notice of his claim. Moreover, Moody states that this Court's prior decision in *Dibert v. Watson*, 3d Dist. No. 8-09-02, 2009-Ohio-2098, is directly on point to this case, and as a

result, we should likewise overrule Harshbarger's arguments and assignment of error.

{¶7} We review a decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Under this standard of review, we review the appeal independently, without any deference to the trial court. *Conley-Slowinski v. Superior Spinning & Stamping Co.* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991. A motion for summary judgment will be granted only when the requirements of Civ.R. 56(C) are met. Thus, the moving party must show: (1) that there is no genuine issue of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.

{¶8} The party asking for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party must also demonstrate the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Then the moving party

must demonstrate that they are entitled to summary judgment as a matter of law, at which time, the burden then shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. *Deutsche Bank Trust Co. v. McCafferty*, 3d Dist. No. 1-07-26, 2008-Ohio-520, ¶9, citing Civ.R.56(E).

{¶9} R.C. 2117.06, which provides the procedure for creditor claims against debtor estates, in pertinent part, states:

> **(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within *six months after the death of the decedent*, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period.**
>
> **(C) Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims.**

(emphasis added). The six-month presentment requirement applies to "[a]ll creditors having claims against an estate, including claims arising out of contract, out of *tort*, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated." R.C. 2117.06(A) (emphasis added). If a

claim is not presented within six months of the death of the decedent, the claim is forever barred. R.C. 2117.06(C).

{¶10} While wrongful death actions are conferred only by statutes and are derivative in nature, it is clear that wrongful death actions are based on the "tortious" conduct of another, either intentional or negligent. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶18; *In re Estate of Robertson*, 159 Ohio App.3d 297, 2004-Ohio-6509, 823 N.E.2d 904, ¶27; BLACK'S LAW DICTIONARY (9th Ed.) 1752. In addition, wrongful death actions are valid claims that can be asserted against estates. See R.C. 2125.01. Here, it is undisputed that the death of decedent Moody occurred on May 29, 2005, and that Harshbarger's presentation of notice of a claim against the Moody estate was dated April 28, 2006. This was eleven months after decedent Moody's death, and clearly outside R.C. 2117.06's six-month presentment period. Therefore, unless the claim falls within an exception, it was subject to the six-month presentment requirement in R.C. 2117.06

{¶11} Harshbarger argues that his claim was contingent and was not subject to R.C. 2117.06's presentation requirement. Moreover, despite the similarities in this Court's *Dibert* case, Harshbarger claims that the trial court erroneously relied on *Dibert* because it is factually and legally distinguishable

from this case. After reviewing the record, we find that the trial court did not err in relying on our previous case in *Dibert*.

{¶12} In *Dibert*, the plaintiff asserted claims for fraud and intentional interference with an inheritance against the defendant-decedent's estate for allegedly falsely representing that defendant-decedent had been authorized to give legal advice when he had been disbarred from the practice of law. 2009-Ohio-2098, at ¶¶3-4. The plaintiff relied on defendant-decedent's advice in the purchase of a tract of property, and it was only after defendant-decedent's death that plaintiff discovered that he was unable to purchase the tract of property, and as a result, he lost the property's appreciated value. Id. at ¶¶5-6. After his claims were dismissed in the trial court for failure to comply with R.C. 2117.06's six-month presentment period the plaintiff appealed to this Court. Id. at ¶7. On appeal, this Court considered the implications of R.C. 2117.06 and R.C. 2117.37, and stated that since Dibert's complaint asserted tort causes of action, fraud and intentional interference with an inheritance, R.C. 2117.06 six-month time provision was applicable, unless the claims fell under an enumerated exception. Id. at ¶¶11-12.

{¶13} The plaintiff in *Dibert* argued that his claims were not subject to R.C. 2117.06's presentment period because they were contingent claims under R.C. 2117.37. Id. at ¶12. Specifically, the plaintiff claimed that his claims were contingent since his fraud claim did not accrue until after defendant's death, which

was when the plaintiff suffered actual injury. Id. at ¶9. We rejected the plaintiff's arguments that his claims were contingent because the facts that gave rise to his theories of liability had already occurred and there was no uncertain future event left for triggering liability on the claims. Id. at ¶12.

{¶14} In addition, the plaintiff also argued that he was not a "creditor" within in the meaning of R.C. 2117.06 until he had discovered the fraud and his claim accrued. We also rejected this argument and found that based on the Supreme Court's broad definition of "creditor" the plaintiff as a tort claimant fit within the definition. Id. at ¶14. Moreover, we stated that we were unwilling to carve out an exception to the presentment requirement for tort claims because allowing one to bring a claim against an estate regardless of when the decedent dies went against the policy reasons behind having R.C. 2117.06 – to promote the early and final settlement of estates. Id.

{¶15} Overall, we found that because the plaintiff's claims were not contingent and that he was a "creditor" under R.C. 2117.06, R.C. 2117.06's six-month presentment period applied; and since the plaintiff had not provided the defendant-decedent's estate notice within the requisite six-months, the plaintiff's claims were forever barred. Id. at ¶¶12-14.

{¶16} Similarly, Harshbarger argues that his wrongful death claim is contingent under R.C. 2117.37, and thus, is not subject to R.C. 2117.06's time

9

period. He claims that unlike the plaintiff in *Dibert* who knew the identity of the person who committed the wrongful act both at the time of the transactions and when he filed his claim against the estate, here the person responsible for the crime committed on May 29, 2005 is still unknown. Because of this unknown fact, Harshbarger argues that his claim for wrongful death is contingent and will not accrue, if at all, until the murderer is identified and decedent Moody is found liable in civil action for wrongful death. We disagree.

{¶17} With respect to claims against estates, "[a] contingent claim is one in which the liability thereon is 'dependent upon some uncertain future event which may or may not occur.'" *In re Estate of Bickham* (1993), 85 Ohio App.3d 634, 637, 620 N.E.2d 913, quoting *Pierce v. Johnson* (1939), 136 Ohio St. 95, 98, 23 N.E.2d 993. Harshbarger argues that the claim against decedent Moody is contingent upon the resolved issue of who murdered decedent Harshbarger. However, the Ohio Supreme Court has stated that, "[a] liability on an unliquidated claim for damages arising out of a tort does not depend for its creation upon the occurrence of some uncertain event in the future. On the contrary, such a claim is, as of necessity it must be, based on the theory that the event, the tort, giving rise to liability, has already occurred and that a cause of action has already accrued and is in existence. A claim thus cannot be said to be contingent." *Pierce*, 136 Ohio St. at 99.

**{¶18}** Here, the tortious conduct that was alleged by Harshbarger and gave rise to the wrongful death action has already occurred – decedent Harshbarger's wrongful death purportedly by the intentional, reckless, or negligent actions by decedent Moody. The fact that Harshbarger still has to prove that decedent Moody was the one responsible for decedent Harshbarger's death does not make the claim contingent for purposes of R.C. 2117.06 and R.C. 2117.37. The essential facts that gave rise to wrongful death liability have already occurred, and there is no other "uncertain future event that may or may not occur" that may or may not trigger liability on the claim. *Dibert*, 2009-Ohio-2098, ¶12 (finding that the facts giving rise to claims of fraud and intentional interference with an inheritance had already occurred). Thus, Harshbarger's argument that his claim is contingent is meritless.

**{¶19}** Harshbarger also argues that his claim is contingent because he is not a "creditor" prescribed under R.C. 2117.06(A). First, he claims that unlike the plaintiff in *Dibert*, the plaintiff in this case was not ascertained at the moment of death because a legal representative had to be appointed pursuant to probate law before a claim against decedent Moody's estate could have been asserted. However, a personal representative need not be established before a wrongful death claim can be pursued against an estate; rather, a statutory beneficiary, because they are a real party in interest, may assert the wrongful death claim

11

within the time limits imposed under R.C. 2117.06. *Burwell v. Maynard* (1970), 21 Ohio St.2d 108, 111-12, 255 N.E.2d 628 (rejecting the proposition that because only the executor or administrator of the wrongfully deceased person is the only person who can bring the action under R.C. 2152.02, only that executor or administrator can present the claim under R.C. 2117.06). Therefore, Harshbarger's assertion that his claim was contingent merely because he had yet to be appointed as decedent Harshbarger's personal representative is meritless.

{¶20} Second, Harshbarger argues that he was not a creditor until his cause of action began to run, which in this case will not occur until a jury finds decedent Moody liable for the murders. However, the term "creditor" has been broadly defined by the Ohio Supreme Court, and includes "all persons having rights in action against the decedent," and as we stated in *Dibert*, "a tort claimant is a 'creditor' within the meaning of R.C. 2117.06, regardless of whether the claim is due or not, liquidated or unliquidated." *Dibert*, 2009-Ohio-2098, at ¶13, quoting *The Ohio Savings Assoc. v. Friedman* (Jan. 4, 1980), 8th Dist. No. 40001, at *4, citing *Pierce*, 136 Ohio St. 95; *Burwell*, 21 Ohio St.2d 108. In addition, the Supreme Court has also stated that R.C. 2117.06 "is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made of the residuum among those entitled, freed from charges and encumbrances." *Pierce,* 136 Ohio St. at 99. As we held in *Dibert*

12

with respect to the claims of fraud and intentional interference with an inheritance, we likewise believe that carving out an exception to R.C. 2117.06's six-month presentment period and finding that a wrongful death action can be brought against an estate regardless of the date of the decedent's death does not further this public policy. 2009-Ohio-2098, at ¶14, citing *Love v. City of Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166 ("A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.") For all of the above reasons, we find that Harshbarger was a creditor under R.C. 2117.06(A); and therefore, that the six-month presentment period found in R.C. 2117.06(C) applies.

{¶21} Finally, Harshbarger argues that if we find R.C. 2117.06 applicable, we should apply the discovery rule and find that the six-month presentment period should have been tolled until such time when they are able to discover who committed the murders. However, we also addressed this issue in *Dibert*, and stated that the time period under R.C. 2117.06 will control unless a claim falls under one of the enumerated exceptions provided by the revised code. *Dibert*, 2009-Ohio-2098, at ¶15. The statutory time period in R.C. 2117.06 cannot be ignored on the basis of "general equitable principles," and since the discovery rule is an equitable principle outside the purview of the enumerated statutory

13

exceptions, it may not be used to evade R.C. 2117.06's six-month presentment period. Id., citing *The Ohio Savings Assoc. v. Friedman* (Jan. 4, 1980), 8th Dist. No. 40001, at *3; *In re Andres' Estate*, 144 Ohio App. 167, 168, 180 N.E.2d 855; *Palmer Mfg. & Supply, Inc. v. BancOhio Natl. Bank* (1994), 93 Ohio App.3d 17, 22, 637 N.E.2d 386, fn.2.

{¶22} Harshbarger cites to and relies heavily on *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581, syllabus; however, we find Harshbarger's reliance on *Collins* misplaced. *Collins* involved the accrual of a cause of action in a wrongful death case for purposes of the two-year statute of limitations in R.C. 2125.02(D) wherein the decedent had been murdered. 81 Ohio St.3d at 506-08. The Court acknowledged that generally a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. Id. at 507. However, the Supreme Court applied the discovery rule to the facts of *Collins* and held that, "[i]n a wrongful death action that stems from a murder, the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder." Id. at 506, paragraph two of the syllabus.

{¶23} Even though the Supreme Court held that the discovery rule is applicable in a wrongful death action that stems from a murder, in that particular

14

case, the claim was against a live defendant, not an estate. See id. Additionally, the time limitations for asserting wrongful death actions, generally, has no application to the facts in this case. *Friedman*, at *4, citing *Breen v. Conn* (1940), 64 Ohio App. 325, 28 N.E.2d 684 (holding that the statute permitting a minor to file an action anytime during the age of minority and during a limited time thereafter has no application to the presentment of claims to an executor or administrator). A person still must present a claim against an estate in accordance with the time requirements in R.C. 2117.06. Furthermore, the public policy behind R.C. 2117.06 is extremely clear and overriding: the expeditious settlement of decedent estates; and, it is different than the public policy reasons considered by the Supreme Court in *Collins*. See *Collins*, 81 Ohio St.3d at 507-11. In fact, the Supreme Court did not address any of the policy considerations that underpin R.C. 2117.06(C) in *Collins*. See id. Therefore, based on the above, we do not believe that *Collins* is dispositive to this case.

{¶24} Even though none of the parties raised this particular issue, in light of Harshbarger's reliance on *Collins*, we would note that R.C. 2117.06 additionally provides:

> **(G) Nothing in this section or in section 2117.07 of the Revised Code shall be construed to reduce the periods of limitation or periods prior to repose in *section 2125.02* or Chapter 2305. of the Revised Code,** *provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter*

15

> *shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code.*

(emphasis added). R.C. 2125.02 provides that wrongful death actions shall be commenced within two years after the decedent's death. R.C. 2125.02(D)(1). Moreover, as we stated above, when an action is prosecuted against the tortfeasor-decedent's personal representative, any damages recovered will be a claim against the tortfeasor's estate. See R.C. 2125.01. Here, Harshbarger's wrongful death claim was asserted against decedent Moody's estate, and unless it specifically alleged the existence of some non-estate source for recovery, it had to comply with the presentation requirements under R.C. 2117.06(A). See *Meinberg v. Glaser* (1968), 14 Ohio St.2d 193, 237 N.E.2d 605. See, also, *In re Estate of Bishop*, 2nd Dist. No. 20102, 2004-Ohio-2197, ¶12 (finding that plaintiff could have brought a valid action against the estate after expiration of R.C. 2117.06 pursuant to R.C. 2117.06(G) provided that the recovery would come from non-estate assets); *Jackson v. Conn* (July 12, 1995), 2nd Dist. No. 95-CA-11 ("[I]f Jackson had otherwise satisfied the two-year statute of limitations provided in R.C. 2305.10, her claim may have survived as to non-estate assets even though it was brought more than one year after Conn's death.").

{¶25} Therefore, for all of the above reasons, when reviewing the evidence in a light most favorable for the non-moving party, we find that the trial court

properly granted Moody's motion for summary judgment because Harshbarger failed to present timely notice of his claim against the Moody estate.

**{¶26}** Harshbarger's assignment of error is, therefore, overruled.

**{¶27}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**