[Cite as *Wisner v. Wisner*, 2016-Ohio-5095.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

WILLIAM E. WISNER,

    PLAINTIFF-APPELLANT,                CASE NO. 5-15-31

    v.

JOHN WISNER, EXECUTOR OF
THE ESTATE OF BONNIE L. FISHER,
ET AL.,                               O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Hancock County Common Pleas Court
Probate Division
Trial Court No. 201141190A

**Judgment Affirmed**

**Date of Decision: July 25, 2016**

APPEARANCES:

    *Michael J. Malone* **for Appellant**

    *Thomas P. Kemp* **for Appellee**

**ROGERS, J.**

{¶1} Plaintiff-Appellant, William E. Wisner ("Appellant"), appeals the judgment of the Court of Common Pleas of Hancock County, Probate Division, granting summary judgment in favor of Defendants-Appellees, John Wisner, as the Executor of Bonnie L. Fisher's estate ("the Executor"), Sharon Horvath, and David Wisner (collectively "Appellees"). On appeal, Appellant argues that the trial court erred in finding that (1) the doctrine of equitable estoppel does not apply in a will contest action under R.C. 2107.76 and (2) he lacked standing to request an accounting from the Executor, Fisher's attorney-in-fact. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On February 12, 2015, Appellant filed a verified complaint in the Court of Common Pleas of Hancock County, Probate Division, against Appellees, Kim Fisher Towne, and Ohio University's College of Fine Arts ("the College") contesting the validity of Fisher's June 2012 Last Will and Testament ("the 2012 will") and requesting an accounting from the Executor, Fisher's attorney-in-fact.[1] The complaint alleged:

**FACTS COMMON TO ALL COUNTS**

* * *

---

[1] Appellant voluntarily dismissed Towne as a party to the action on April 29, 2015.

3.    On or about June 28, 2012, [Fisher] allegedly executed [the 2012 will]. [The 2012 will] has been previously filed herein by [the Executor] * * *.

* * *

5.    [The 2012 will] acted so as to disinherit [Appellant] as a beneficiary of such Will.

6.    [The 2012 will] acted so as to disinherit [the College] as a beneficiary of such Will.

* * *

8.    On August 1, 2014, Michael J. Malone, Esq., as counsel for [Appellant] met with John Koehler, Esq., as counsel for [the Executor]. The scheduled meeting was held at the Findlay Inn to discuss the issue of the competency of [Fisher] at the time of the execution of [the 2012 will] and the impending statute of limitations.

9.    The discussion specifically relating to the fact that the usual time constraints of a will contest (limitation of action) would not permit [Appellant] to investigate the case with due diligence. Thereafter, [Appellant's] counsel requested that the statutory period for a will contest be extended by agreement, and that HIPAA releases be provided by [the Executor] to permit [Appellant] pre-complaint discovery on the will contest case.

10.   Counsel for [Appellant] and [c]ounsel for [the Appellees] agreed that the statute would be extended, and that after due diligence by [Appellant], suit could be filed outside the statutory limitation of action.[2]

11.   Evidencing the agreement, counsel for the Executor * * * had the Executor execute HIPAA releases in favor of [Appellant].  * * *

---

[2] Although the verified complaint states that "[c]ounsel for Plaintiff and [c]ounsel for Defendant agreed that the statute would be extended * * * ", there is no evidence in the record that John Koehler represented anyone other than the Executor.  (Docket No. 1, p. 3).

-3-

12. On information and belief, the records obtained show substantial issues relating to the competency of [Fisher] and the independence of [Fisher] as of June 28, 2012.

13. [Appellant] now files this Complaint because no further discovery or evidence can be obtained without full legal process.

14. [Appellant's] counsel states in this verified complaint the following:

    A. That [Appellees] consented to extension of the time frame in which to file complaint;
    B. That [Appellees] took action consistent with that agreement extending the statute of limitations;
    C. That [Appellant] has acted in reliance thereon and acted in good faith;
    D. That without the extension of the statute of limitations, Appellant would be damaged to his detriment.

## COUNT ONE
### Will Contest

\* \* \*

16. [Appellant] and [the College] are interested in [the 2012 will] to the extent that they were/are disinherited as beneficiaries thereunder, and was [sic] previously named as beneficiaries of [Fisher's estate] in a previously executed Last Will and Testament, dated August 11, 2003 [("the 2003 will")];

\* \* \*

## COUNT TWO
### Action for Accounting

\* \* \*

22. Upon information and belief, [the Executor] operated, as Attorney in Fact for [Fisher] for several years before her death.

[Appellant] demands that [the Executor] be held to account for the uses of the funds of [Fisher] during that time.

23. No accounting has ever been offered or presented by [the Executor] to any of the interested parties.

24. Plaintiff demands an accounting here, particularly since the review of the medical/psychiatric records of [Fisher] repeatedly reference her being in a "[c]atatonic" state.

(Docket No. 1, p. 1-7). Attached to the verified complaint was a copy of the 2012 will.

{¶3} On March 17, 2015, Appellees filed a motion for a more definite statement arguing that Appellant failed to attach a copy of the durable power of attorney purportedly naming the Executor as Fisher's attorney-in-fact. The trial court granted Appellee's motion, and on March 31, 2015, Appellant filed an amended verified complaint, adding the following allegations:

**FACTS COMMON TO ALL COUNTS**

3. On August 11, 2003, [Fisher] executed a general business Power of Attorney from herself to [the Executor] as her Attorney in Fact * * *.[3]

4. On August 11, 2003, [Fisher] executed [the 2003 will] which made various and sundry bequests which included the bequeath to [the Executor] and [Appellant], in equal shares, all of the securities in her Price Waterhous [sic] Securities. * * *

* * *

---

[3] Paragraphs three and four of the amended verified complaint originally stated that the 2003 will and the power of attorney were executed on August 11, 2013. Appellant was later granted leave to correct this error.

## COUNT TWO
### Action for Accounting

25. On or about September 9, 2003, [the Executor] filed his Power of Attorney from [Fisher] * * * in the office of the Recorder of Knox County, Ohio in Book 824, Page 646 to 652.

26. On or about September 9, 2003, the Power of Attorney for [Fisher] was used by [the Executor] to effect the transfer and sale of real property of [Fisher] located in Knox County, Ohio. * * *

27. Upon information and belief, the proceeds of the sale of the Knox County, Ohio real estate was received by [the Executor] under [Fisher's] Power of Attorney;

28. The Price Waterhouse Securities are not listed as an asset in the probate inventory or account of the estate of [Fisher]. * * * Therefore, upon information and belief, these funds must have been either exhausted or used by [the Executor] or transferred elsewhere.

(Docket No. 13, p. 2-3). Attached to the amended verified complaint was a copy of (1) Fisher's durable power of attorney naming the Executor as her attorney-in-fact; (2) the 2003 will; (3) the 2012 will; (4) a general warranty deed, executed by the Executor, transferring title of Fisher's Knox County real estate; (4) Fisher's estate's "Inventory and Appraisal"; and (5) the "Fiduciary's Account."

{¶4} On April 16, 2015, Appellees filed their answer and a motion for summary judgment. In their motion for summary judgment, Appellees argued that (1) Appellant's will contest action was barred by the statute of limitations because it was not commenced within three months of the filing of his "Waiver of Notice of Probate of the Will"; (2) Appellant's will contest action was barred by the

doctrine of res judicata; (3) the Executor did not have the authority to waive the statute of limitations; (4) the statute of limitations should not be tolled by the doctrine of equitable estoppel; (5) Appellant lacked standing to request an accounting because he was neither a party to the power of attorney nor a beneficiary under the 2012 will; and (6) Appellant's request for an accounting was barred by the ten-year statute of limitations. Attached to their motion was a copy of (1) the "Application to Probate Will" and "Entry Admitting Will to Probate"; (2) Appellant's "Waiver of Notice of Probate of Will" filed on June 13, 2014; (3) the "Certificate of Service of Notice of Probate of Will"; (4) the "Fiduciary's Account"; (5) the "Entry Approving and Settling Account"; and (6) relevant case law.

{¶5} On May 15, 2015, Appellant filed a memorandum in opposition arguing that (1) the trial court did not need to consider whether the statute of limitations could be waived because the doctrine of equitable estoppel may be used to prohibit the inequitable use of a statute of limitations defense; (2) his will contest action was not barred by res judicata because not filing a will contest action within the statute of limitations was not equivalent to a final valid decision on the merits; (3) the doctrine of equitable estoppel may be used to prohibit the inequitable use of a statute of limitations defense; (4) he did not lack standing to request an accounting because the request was "inextricably linked" to the will

contest action; and (5) his request for an accounting was not barred by the statute of limitations because it was not limited to the Executor's sale of the Knox County property. (Docket No. 23, p. 13).

{¶6} On May 22, 2015, Appellees filed their reply arguing that (1) a will contest action filed outside the statute of limitations is barred; and (2) Appellant lacked standing to request an accounting from Fisher's attorney-in-fact unless and until he could invalidate the 2012 will and reinstate the 2003 will.

{¶7} On November 23, 2015, the trial court granted Appellees' motion for summary judgment finding that Appellant's will contest action was filed outside the statute of limitations and neither the Executor nor his counsel had the authority to waive that the statute of limitations. In doing so, it stated

> [Appellant] contends that the argument of equitable estoppel will prevail and permit his filing to proceed nonetheless. [Appellant] states that his attorney and the [E]xecutor's attorney met in June 2014 and agreed to waive the statute of limitations. For purposes of this motion for summary judgment, the [c]ourt need not consider whether that argument is true. It should, in fact, take the statement as true and consider all other facts in the light most favorable to the [Appellant] as he is the nonmoving party. So for purposes of this motion, the [c]ourt hereby considers that such a meeting did in fact happen and the two agreed to waive the statute of limitations. The question remains: so what? If the attorney for an executor lacks the power to make such a waiver, the argument fails. Therefore, the [c]ourt will next consider the question: does the attorney for an executor possess the power to waive the statute of limitations.
>
> * * *

> Based upon the authorities cited and the undisputed facts in this case, * * * [t]he [c]ourt * * * finds that neither an executor nor his counsel can waive the statutory limitations outlined in the Ohio Revised Code.

(Docket No. 32, p. 4). It further found that Appellant lacked standing to request an accounting because he was not a beneficiary of any of the funds held by Fisher and spent by the Executor, Fisher's attorney-in-fact.

{¶8} It is from this judgment that Appellant appeals, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**THE PROBATE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES IN THIS WILL CONTEST ACTION.**

### *Assignment of Error No. II*

**THE PROBATE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES IN THIS ACTION FOR ACCOUNTING.**

### *Assignment of Error No. I*

{¶9} In his first assignment of error, Appellant argues that the trial court erred in granting Appellees summary judgment on his will contest action. Specifically, Appellant argues that the trial court erred in finding that (1) the doctrine of equitable estoppel does not apply as a matter of law in a will contest action; and (2) because neither the Executor nor his counsel had the authority to

waive the statute of limitations, his equitable estoppel argument fails.[4]   We disagree.

**{¶10}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist.1999).  However, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, *Inc.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994).  Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).  In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id*.  If any doubts exist, the issue must be resolved in

---

[4] The trial court did not find that equitable estoppel does not apply, as a matter of law, in a will contest action.  Rather, it found that Appellant's will contest action was barred by the statute of limitations because neither the Executor nor his counsel had the ability to waive the statute of limitations.  It explained, "If the attorney for an executor lacks the power to make such a waiver, the [equitable estoppel] argument fails." (Docket No. 32, p. 4).  This suggests that the trial court would have considered Appellant's equitable estoppel claim had it found that the Executor or his counsel had the ability to waive the statute of limitations.

favor of the nonmoving party. *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶11} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id.*; Civ.R. 56(E).

{¶12} "A person interested in a will * * * admitted to probate in the probate court that has not been declared valid by judgment of a probate court * * * may contest its validity by filing a complaint in the probate court in the county in which the will * * * was admitted to probate." R.C. 2107.71(A). "No person who has * * * waived the right to receive notice of the admission of a will to probate * * * may commence [a will contest action] more than three months after the filing of the [waiver of notice] * * *." R.C. 2107.76. The only exception to this filing requirement concerns persons under legal disability. *Id.*

{¶13} Equitable estoppel—a defensive doctrine preventing one party from taking unfair advantage of another—requires proof of the following elements: (1)

the defendant made a factual misrepresentation; (2) that is misleading; (3) that induces actual reliance that is reasonable and in good faith; and (4) that causes detriment to the relying party." *Heskett v. Paulig*, 131 Ohio App.3d 221, 226-27, (3rd Dist.1999), quoting *Walworth v. BP Oil Co.*, 112 Ohio App.3d 340, 345 (8th Dist.1996).   This doctrine has been used to challenge a statute of limitations defense.  *See, e.g.*, *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231 (7th Dist.2000) (action for fraud); *Hutchinson v. Wenzke*, 131 Ohio App.3d 613 (2nd Dist. 1999) (medical malpractice action); *Schrader v. Gillette*, 48 Ohio App.3d 181 (11th Dist.1988) (medical malpractice action).

{¶14} This Court is unaware of any Ohio court that has addressed the issue in this case: whether equitable estoppel applies in a will contest action under R.C. 2107.76.[5]  This Court has addressed, however, a related issue: whether equitable principles apply in an action between a creditor and a decedent's estate under R.C. 2117.06.

{¶15} R.C. 2117.06 provides that "[a]ll creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated" shall present their claims to the executor or the administrator within

---

[5] Although the trial court found that Appellant's equitable estoppel argument failed because neither the Executor nor his counsel had the ability to waive the statute of limitations, we need not consider this issue because whether the statute of limitations is waivable does not affect Appellant's ability to assert an equitable estoppel claim to prevent the inequitable use of a statute of limitations defense.

six months after the decedent's death. The only exceptions to this filing requirement concern contingent claims and certain State claims. *See* R.C. 2117.06(C), 2117.37-2117.42.

{¶16} In *Dilbert v. Watson*, 3rd. Dist. Logan No. 8-09-02, 2009-Ohio-2098 and *Harshbarger v. Moody*, 3rd Dist. Logan No. 8-09-13, 2010-Ohio-103, this Court found that a creditor could not bring an untimely claim against an estate unless one of the above-mentioned exceptions were met; we expressly rejected the appellants' argument that the discovery rule—an equitable principle providing that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury—could challenge a statute of limitations defense. In doing so, we noted that the statute of limitations could not be ignored on the basis of "general equitable principles." *Dilbert* at ¶ 15, citing *The Ohio Savings Assn. v. Friedman*, 8th Dist. Cuyahoga No. 40001, 1980 WL 354413, *3 (Jan. 4, 1980).

{¶17} Appellant argues that our findings in *Dilbert* and *Harshbarger* should not apply in this case because those findings relate to the discovery rule, which focuses on the plaintiff's conduct, as opposed to equitable estoppel, which focuses on the defendant's conduct. However, we declined to ignore R.C. 2117.06's statute of limitations on the basis of "general equitable principles"

which necessarily encompasses equitable estoppel, and if we declined to apply "general equitable principles" in an action against a decedent's estate under R.C. 2117.06 because it was outside the purview of the statute, then it logically follows that we would decline to apply "general equitable principles" in an action against a decedent's estate under R.C. 2107.76 because it is outside the purview of the statute.

{¶18} Moreover, equitable estoppel perpetuates the delay in finalizing a decedent's estate. This fact becomes significant when considering the General Assembly's intent behind R.C. 2107.71: "to accelerate the settlement of estates." *Fletcher v. First Natl. Bank of Zanesville*, 167 Ohio St. 211, 215 (1958). This intent was recently underscored through an amendment to R.C. 2305.19, Ohio's "savings statute." Under former R.C. 2305.19, in *any* action that was commenced or attempted to be commenced, if in due time a judgment for the plaintiff was reversed or if the plaintiff failed otherwise than upon the merits, the plaintiff, or the plaintiff's representative, could commence a new action within one year or within the period of the original statute of limitations, whichever occurred later. However, effective March 2012, this statute no longer applies to an action under R.C. 2107.76. R.C. 2305.19. The practical result: under the Revised Code, no will contest action can be commenced beyond the statute of limitations, except in the case of a legal disability.

{¶19} Based on our findings in *Dilbert* and *Harshbarger*, and the General Assembly's intent behind R.C. 2107.71, we find that equitable estoppel does not apply in an action under R.C. 2107.71. Therefore, we cannot say that the trial court erred in granting summary judgment in favor of Appellees on Appellant's will contest action, as the action was filed beyond the statute of limitations and does not fit within the exception under R.C. 2107.76

{¶20} Accordingly, we overrule Appellant's first assignment of error.

*Assignment of Error No. II*

{¶21} In his second assignment of error, Appellant argues that the trial court erred in determining that he lacked standing to request an accounting because he was not a beneficiary of any funds held by the decedent and spent by the Executor, Fisher's attorney-in-fact. We disagree.

{¶22} "Traditional standing principles require litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " ProgressOhio.org, Inc. v. JobsOhio, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 7, citing Moore v. Middletown, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 22. Standing is determined at the commencement of a suit. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 24.

{¶23} R.C. 1337.36(A) provides that any of the following persons may petition a court to construe a power of attorney or review an agent's conduct and grant appropriate relief:

\* \* \*

(6) A person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death or as a beneficiary of a trust created by or for the principal that has a financial interest in the principal's estate;

\* \* \*

An agent is a "person granted authority to act for a principal under a power of attorney, whether denominated an agent, attorney in fact, or otherwise." R.C. 1337.22(A).

{¶24} While these statutes took effect in March 2012, as part of the adoption of the Uniform Power of Attorney Act, R.C. 1337.36(A) applies to (1) "[a] power of attorney created before, on, or after the effective date of this section" and (2) "[a] judicial proceeding concerning a power of attorney commenced on or after the effective date of this section." R.C. 1337.64.

{¶25} Appellant concedes that he was not a named beneficiary under the 2012 will. He argues, however, that because he is contesting the validity of the 2012 and seeking reinstatement of the 2003 will, he has standing to request an accounting from the Executor, Fisher's attorney-in-fact. But, under the statute's plain language, only those persons named as a beneficiary *on the principal's death*

may petition the court to review an agent's conduct; former beneficiaries are outside the purview of the statute. Moreover, as explained above, there is no scenario under which the 2003 will can be declared Fisher's Last Will and Testament, and therefore, there is no scenario under which Appellant can become a beneficiary within the meaning of the statute.

{¶26} Therefore, we cannot say that the trial court erred in granting summary judgment in favor of Appellees on Appellant's action for an accounting, as Appellant lacked standing to petition the court to review the conduct of the Executor, Fisher's attorney-in-fact.

{¶27} Accordingly, we overrule Appellant's second assignment of error.

{¶28} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

**Judgment Affirmed**

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**