CARTER, EXRX., APPELLANT, v. BANK ONE OF COLUMBUS, N.A., ET AL., APPELLEES.

BANK ONE OF COLUMBUS, N.A., APPELLEE, v. CARTER, EXRX., APPELLANT; CARTER ET AL., APPELLEES.

(Nos. 86AP-524 and -532—
Decided December 2, 1986.)

*Porter, Wright, Morris & Arthur*
and *Michael K. Yarbrough,* for appellant
Mildred Carter, executrix.

*Carlile, Patchen, Murphy & Allison*
and *Donald B. Leach, Jr.,* for appellee
Bank One of Columbus, N.A.

*Schottenstein, Zox & Dunn* and *Gary
D. Greenwald,* for appellee Ranger Drill-
ing Service No. 4, Ltd.

*Vorys, Sater, Seymour & Pease* and
*Philip A. Brown,* for appellee First City
Bank of Dallas.

STRAUSBAUGH, J. This is an appeal
by plaintiff from a judgment of the com-
mon pleas court holding that a claim
against the estate of which plaintiff was
executrix was to be allowed, inasmuch
as the claim was contingent and not
barred by R.C. 2117.06.

This cause was originally assigned
to the accelerated calendar. Because this
appeal concerns an issue which possibly
may be of precedential value, we *sua
sponte* order that this case be removed
from the accelerated calendar and
reassigned to the regular calendar.

The primary issue in this case is
whether the letter of credit signed by
plaintiff's decedent, Byron L. Carter, is
a contingent claim against the estate
and therefore is not barred by the three-

month presentment requirement of R.C.
2117.06.

The record indicates that Byron
Carter became a limited partner in
Ranger Drilling Service No. 4, Ltd.
("Ranger") by tendering $10,000 cash
and executing with Bank One of Colum-
bus, N.A. ("Bank One") an irrevocable
and transferable letter of credit in the
amount of $90,000; that the letter of
credit could be drawn upon no later than
March 1, 1984; that Carter also ex-
ecuted an assumption agreement under
which neither the partnership nor any
holder of any letter of credit would be
entitled to recover unless (1) the part-
nership or such holder surrendered the
letter of credit to the undersigned
(Carter), or (2) the partnership or such
holder indemnified the undersigned for
a draft made on the letter of credit; that
on December 31, 1981, the letter of
credit was assigned by Ranger to First
City Bank of Dallas ("First City"); and
that, thereafter, Ranger instructed
Bank One to transfer its rights in the let-
ter of credit to First City.

The record further indicates that
Byron Carter died on December 31,
1982; that plaintiff was appointed ex-
ecutrix of Carter's estate by the Court
of Common Pleas of Franklin County,
Probate Division, on January 11, 1983;
that on February 29, 1984, Bank One
received from First City a draft drawing
on the letter of credit; that plaintiff was
denied a motion for temporary restrain-
ing order and on March 5, 1984 Bank
One paid First City $90,000 pursuant to
the draft and letter of credit; that Bank
One presented to plaintiff an affidavit of
claim in the amount of $90,222.50; and
that plaintiff did not sign the affidavit
and Bank One pursued its claim in the
court of common pleas.

The trial court adopted the report of
the referee, which determined that
defendants' claim was contingent and
therefore was not barred by the three-

month presentment requirement of R.C. 2117.06.

Plaintiff asserts the following single assignment of error:

"The trial court erred in failing to hold that the defendants' claim against Byron Carter was barred by their failure to present such claim within three months of the appointment of the executor of his estate."

R.C. 2117.06 provides, in pertinent part, that:

"(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it.

"(B) All claims shall be presented within three months after the date of the appointment of the executor or administrator * * *."

However, claims that are contingent need not be presented within the three-month time period in accordance with R.C. 2117.06(E).

Plaintiff contends that the focus must be on the debt which Carter owed; that the letter of credit was contingent but that the debt — that is, the loan made — was a fixed and unconditional obligation. She urges that Carter's underlying obligation was in no way dependent on any future event and therefore presentment of this obligation had to occur within three months of plaintiff's appointment as executrix.

Defendants argue that First City and Ranger would not have drawn on the letter of credit unless certain events occurred. Therefore, the obligation was not fixed and need not have been made within the three-month period. Also, plaintiff acknowledged on a 1983 estate tax return the letter of credit as a contingent liability.

The Supreme Court, in *Pierce* v. *Johnson* (1939), 136 Ohio St. 95, 16 O.O. 34, 23 N.E. 2d 993, 125 A.L.R. 867, defined a contingent claim as one upon which liability is dependent on some uncertain future event which may or may not occur. It is the element of dependency upon an uncertainty which renders a claim contingent. Accord *Lewis* v. *Knight* (App. 1955), 75 Ohio Law Abs. 589, 144 N.E. 2d 551.

We find that the claim herein was a contingent claim. Although it is true that the underlying debt was a fixed sum, the satisfaction of the debt could be accomplished in several ways. For example, a return on Carter's investment in the amount of the letter of credit would presumably satisfy the underlying obligation.

We cannot agree with plaintiff that, for purposes of R.C. 2117.06, the focus must only be on the underlying debt. Rather, under the facts of this case the focus must be on the letter of credit. Here, First City would not draw on the letter of credit unless necessary. If Ranger was successful and the debt was satisfied, the letter of credit would not need to have been drawn upon. The uncertainty regarding when, and under what circumstances, the letter of credit might be drawn upon renders the letter a contingent claim. Therefore, it need not have been made within three months of plaintiff's appointment as executrix.

Plaintiff's single assignment of error is overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY and CARNEY, JJ., concur.

CARNEY, J., retired, of the

Cuyahoga County Court of Common Pleas, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.