# In re Estate of BICKHAM.

[Cite as *In re Estate of Bickham* (1993), 85 Ohio App.3d 634.]

Court of Appeals of Ohio,
Logan County.

No. 8–93–1.

Decided April 2, 1993.

*John B. Kelly,* for appellant.

*Gerald L. Heaton,* for appellee.

---

SHAW, Judge.

This is an appeal by Doris Allene Brooks, individually and in her capacity as co-executor of the estate of Flossie V. Bickham, from a decision of the Court of Common Pleas of Logan County, Probate Division, which ordered the estate to pay guardian fees to appellee, Velma Kaiser, and attorney fees to attorney Gerald L. Heaton.

Flossie Bickham died on January 30, 1991. At the time of her death, Flossie Bickham was the ward of a guardianship, with Velma Kaiser serving as guardian. On March 1, 1991, Kaiser and Brooks were appointed co-executors of Flossie Bickham's estate.

On April 2, 1992, the guardianship case was settled and closed when the court approved a third amended final account that had been filed on July 11, 1991. No provision, however, was made for the payment of guardian fees and attorney fees.

On August 14, 1992, Kaiser filed a motion, in the estate proceeding, seeking approval for the payment of guardian fees and attorney fees. On December 9,

1992, the probate court granted the motion and the estate was ordered to pay $3,327.59 in guardian fees to Kaiser and $4,012 to Heaton for attorney fees.

Brooks thereafter brought the instant appeal, raising the following two assignments of error:

"I.   The court errored [sic] in ordering the co-executors of the estate to pay guardian fees to Velma Kaiser as guardian of Flossie Bickham based upon the motion filed in this case by her attorney, Gerald L. Heaton, on her behalf.

"II.   The court errored [sic] in ordering the co-executors of the estate to pay the attorney fees of Gerald L. Heaton by reason of the motion filed in this case by the said Gerald L. Heaton as attorney for Velma Kaiser, the guardian of Flossie Bickham."

R.C. 2117.06 governs the presentment of claims against an estate and provides, in relevant part:

"(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

"(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section.   * * *

"(B) All claims shall be presented within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period.   * * *

"(C) A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees.   No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code, with reference to contingent claims."

R.C. 2117.37 governs the presentment of contingent claims against an estate and provides, in relevant part:

"If a claim is contingent at the time of a decedent's death and a cause of action subsequently accrues on the claim, it shall be presented to the executor or administrator, in the same manner as other claims, before the expiration of one

year after the date of death of the decedent, or before the expiration of two months after the cause of action accrues, whichever is later * * *. The executor or administrator shall allow or reject the claim in the same manner as other claims are allowed or rejected. If the claim is allowed, the executor or administrator shall proceed to pay it. If the claim is rejected, the claimant shall commence an action on the claim within two months after the rejection or be forever barred from maintaining an action on the claim."

In the case *sub judice,* the decedent died on January 30, 1991. The R.C. 2117.06 one-year time limit for the presentment of claims, applicable to all claims except contingent ones, expired on January 30, 1992. The claim at issue here was not presented until August 14, 1992. Thus, the claim for the payment of guardian and attorney fees should have been barred, unless contingent in nature.

A contingent claim is one in which the liability thereon is "dependent upon some uncertain future event which may or may not occur." *Pierce v. Johnson* (1939), 136 Ohio St. 95, 98, 16 O.O. 34, 36, 23 N.E.2d 993, 995. It is the element of uncertainty which renders a claim contingent. *Id.* See, also, *Carter v. Bank One of Columbus* (1986), 31 Ohio App.3d 82, 84, 31 OBR 124, 125, 508 N.E.2d 1023, 1025; 33 Ohio Jurisprudence 3d (1982) 455–456, Decedents' Estates, Section 1548. Accordingly, in deciding whether claims for guardian and attorney fees arising from a guardianship are contingent, the determinative factors are the certainty of the claims and the extent to which their existence depends on uncertain future events.

It is settled law in Ohio and in most other states that a guardian who has faithfully and honestly discharged the duties of his trust is entitled to compensation for his services from the ward's estate. See 49 Ohio Jurisprudence 3d (1984) 417, Fiduciaries, Section 247; 53 Ohio Jurisprudence 3d (1984) 169–170, Guardian and Ward, Section 176; 39 American Jurisprudence 2d (1968) 140–141, Guardian and Ward, Section 184. It is also settled that a fiduciary's compensation for services rendered to the trust includes an allowance for attorney fees. See 53 Ohio Jurisprudence 3d (1984) 172–174, Guardian and Ward, Section 178. Additionally, an attorney whose services resulted in the establishment of a guardianship is entitled to compensation. *Id.*

Applying the test set forth in *Pierce,* we find that the creation of liability on claims for guardian and attorney fees stemming from a guardianship does not depend upon the occurrence of some uncertain future event. To the contrary, such claims are necessarily based on the fact that the events giving rise to liability, the services of the guardian and attorney, have already occurred and that a cause of action thereon has already accrued. We conclude that claims of this nature cannot be regarded as contingent.

Consequently, in the case before us, the claims for guardian and attorney fees should have been presented to the estate within the one-year time period set forth in R.C. 2117.06(B). As the claims were not so presented, they are forever barred pursuant to R.C. 2117.06(C). Appellant's two assignments of error are therefore sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

EVANS, P.J., and HADLEY, J., concur.